UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN LEE CHILDERS,<br><br>        Plaintiff,<br><br>v.<br><br>ELAINE ROSA, *et al.*,<br><br>        Defendants. | Case No. 1:18-cv-01241-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIM AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITH LEAVE TO AMEND<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>ECF No. 1 |

    Plaintiff Allen Lee Childers is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint filed September 13, 2018, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. The court has screened plaintiff's complaint and finds that it states claims against defendant Rosa but fails to state a claim against the other defendants. We recommend that plaintiff's remaining claims be dismissed without prejudice and that he be granted leave to amend his complaint.

1

## I. STATEMENT OF FACTS[1]

Plaintiff is an inmate at Kern Valley State Prison ("KVSP"). ECF No. 1 at 1. Defendants are employed at KVSP. *Id*. at 3. On April 12, 2018, plaintiff received a rules violation report ("RVR") against him. *Id.* at 5. At some point after receiving the RVR, plaintiff was interviewed by his clinician, defendant Rosa, about his RVR and the associated "possible ineligibility for the enhanced outpatient program" ("EOP") under KVSP policy. *Id.* Defendant Rosa stated "that EOP treatment is appropriate [for plaintiff]." *Id.*

On April 25, 2018, the interdisciplinary treatment team ("IDTT") met and decided to discharge plaintiff from EOP "due to [plaintiff's] RVR and ongoing behavior." *Id.* The IDTT consisted of defendants Rosa and Rizvi, along with others. *Id.* KVSP's policy that triggers review of whether an inmate should remain in EOP[2] when the inmate receives an RVR is enforced by defendant Rosa and supervised by defendant Fabrizio under the direction of defendant Pfeiffer. *Id.*

On April 26, 2018, plaintiff filed an "urgent" 7362 form stating, "I'm depressed I'm having flash backs, I'm paranoid that the cops are out to get me. I'm losing grounding. Anxiety is causing me to panic and pass out. I need help." *Id.* at 9. After receiving no response, plaintiff filed another form on May 3, 2018, complaining of "severe flashbacks from [his] PTSD" and stating that his "violent tendencies are coming back." *Id.* On May 8, 2018, Plaintiff saw his clinician, defendant Rosa,[3] "and told her he was having three panic attacks a week, hyperventilating, had tunnel vision, racing heart, had passed out on occasion, and was depressed, anxious, and feeling impulsive." *Id.* Defendant Rosa "noted that [plaintiff] should continue to see his PC and psychiatrist every 90 days," and did not see plaintiff again. *Id.*

---

[1] We draw the following facts from plaintiff's complaint, ECF No. 1, and accept them as true for screening purposes.

[2] In a letter attached to the complaint, Cara E. Trapani of Rosen Bien Galvan & Grunfeld LLP characterizes the KVSP policy as an "apparent practice of automatically discharging inmates from the EOP level of care upon receipt of an RVR." ECF No. 1 at 10. However, the allegations in the complaint indicate a review process rather than automatic discharge. *See id.* at 5.

[3] We infer from context that plaintiff refers to defendant Rosa here.

## II. SCREENING AND PLEADING REQUIREMENTS

A district court must screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

## III. DISCUSSION

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation

requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). As for the second method, the plaintiff can establish a causal connection by showing that the defendant "set[] in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others," which the defendant "knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.*

All defendants are state-prison employees who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). We next consider whether plaintiff alleged sufficient facts to satisfy the causation requirement.

Plaintiff plausibly alleges that defendant Rosa personally participated in or caused the alleged deprivations. However, plaintiff does not plausibly allege that defendants Fabrizio, Rizvi, or Pfeiffer personally participated in or caused the alleged deprivations; instead, plaintiff seems to rely on a theory of vicarious liability. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[V]icarious liability is inapplicable to Bivens and § 1983 suits[;] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Beyond naming these defendants in the complaint, plaintiff alleges that defendants Fabrizio and Pfeiffer had supervisory roles, and that defendant Rizvi was on the IDTT. These allegations do not satisfy the causation requirement of § 1983 because the alleged action of these defendants was not "the moving force of the behind the constitutional violation." *Navarro v. Herndon*, 2016 WL 8731088, at *13 (E.D. Cal. Mar. 25, 2016) ("Ratification of an unconstitutional act by superiors after the fact will only support liability when the superiors' past actions were the moving force behind the constitutional violation in the first place." (citing *Williams v. Ellington*, 936 F.2d 881, 884-85 (9th Cir. 1991)). Accordingly, plaintiff fails to allege

causation for these defendants as required to bring a claim under § 1983.

The remaining question is whether defendant Rosa's alleged actions violated federal law. Plaintiff seeks to bring two claims under the Eighth Amendment; we construe his claims to be of medical deliberate indifference and conditions of confinement. We analyze each in turn.

**A. Medical Deliberate Indifference**

government has an "obligation to provide medical care for those whom it is punishing by incarceration," and "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (internal citation omitted) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). This indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05 (footnotes omitted).

There is a two-part test for deliberate indifference: "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (internal quotation marks and citation omitted). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted). Allegations of medical negligence are insufficient to state a claim for deliberate indifference to serious medical needs. *See Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). Additionally, a difference of opinion concerning the judgment of treating medical professionals falls outside the scope of § 1983. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

The complaint alleges facts to support the conclusion that plaintiff had a serious medical need—given his mental illness. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)

("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Therefore, plaintiff has adequately pled a serious medical need.

Plaintiff alleges that defendant Rosa was responsible for his treatment. Defendant Rosa knew that plaintiff needed EOP care and was suffering from his mental illness without placement in EOP. We find that these allegations meet the threshold at screening to state a claim for medical deliberate indifference. *See* Fed. R. Civ. P. 8(a).

**B. Eighth Amendment Conditions of Confinement**

Plaintiff appears to raise a conditions-of-confinement claim for his discharge from EOP. The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures to ensure the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *See id.* at 834.

To satisfy the first prong, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *See id.* To satisfy the second prong, the official must know of and disregard an excessive risk to inmate safety. *See id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

Plaintiff's conditions of confinement claim is closely related to his medical deliberate indifference claim: Plaintiff argues that removing him from the EOP level of care deprived him of any control over his mental health, causing his paranoia, anxiety, PTSD, depression, panic attacks, violent tendencies, and other symptoms to return. Defendant Rosa knew that plaintiff should have remained in EOP care, but instead helped facilitate his relocation, which caused plaintiff to suffer. Plaintiff's complaint thus meets the threshold to state a claim for

6

unconstitutional conditions of confinement.  *See* Fed. R. Civ. P. 8(a).

IV.     **CONCLUSION**

We have screened plaintiff's complaint and find that it states cognizable claims for medical deliberate indifference and conditions of confinement against defendant Rosa.  We recommend that plaintiff's remaining claims be dismissed without prejudice and that plaintiff be granted leave to amend the complaint.

Should plaintiff choose to amend the complaint,[4] the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  *See id.* at 677.  Plaintiff must allege that each defendant personally participated in the deprivation of his rights.  *See Jones*, 297 F.3d at 934.  Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims.  Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and the amended complaint must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

---

[4] Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint.  *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

7

## IV. ORDER

The clerk of court is directed to assign this case to a district judge, who will preside over this case. The undersigned will remain as the magistrate judge assigned to the case.

## V. RECOMMENDATIONS

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. *Id.* Thus, the undersigned submits the following findings and recommendations to a United States District Judge under 28 U.S.C. § 636(b)(l):

1. Plaintiff states a medical deliberate indifference claim and a conditions of confinement claim against defendant Rosa.
2. Plaintiff's remaining claims and all other defendants should be dismissed without prejudice, and plaintiff should be granted leave to amend the complaint.
3. If plaintiff files an amended complaint, defendants Fabrizio, Rizvi, and Pfeiffer need not respond until the court screens the amended complaint.

Within fourteen days of service of these findings and recommendations, the parties may file written objections with the court. If the parties file such objections, they should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 20, 2019

UNITED STATES MAGISTRATE JUDGE