UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN LEE CHILDERS,<br><br>   Plaintiff,<br><br> v.<br><br>ELAINE ROSA, *psychologist*,<br><br>   Defendant. | No. 1:18-cv-01241-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE[1]<br><br>OBJECTIONS DUE IN FOURTEEN DAYS[2] |

This matter comes before the court upon initial review of the file, which was reassigned to the undersigned on November 17, 2020. (Doc. No. 18). As more fully set forth below, the undersigned recommends the court dismiss this case without prejudice due to plaintiff's failure to effectuate service and prosecute this action.

I. FACTS AND BACKGROUND

Plaintiff Allen Lee Childers, while a prisoner, initiated this *pro se* action by filing a civil rights complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. No. 7). On May 20, 2019, the court issued findings and recommendations concluding plaintiff's complaint stated cognizable claims for medical deliberate indifference and conditions of confinement against defendant Elaine Rosa. (Doc. No. 12). On

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

[2] Because plaintiff is no longer incarcerated, he is afforded the statutory 14-day period to object.

1

June 3, 2019, plaintiff was released from prison and filed a notice of change of address. (Doc. No. 13). The findings and recommendations were fully adopted on August 13, 2019. (Doc. No. 14). On August 20, 2019, the court ordered plaintiff to complete service forms within thirty (30) days so the court direct the United States Marshal to effectuate service upon the defendant. (Doc. No. 15). The order cautioned plaintiff that his failure to timely comply could result in a dismissal of this action. (*Id.* at ¶ 5). On June 12, 2020, after plaintiff failed to timely return completed service forms, the court issued an order to show cause "why this case should not be dismissed for his failure to prosecute and failure to comply with a court order." (Doc. No. 17). The court's show cause order was returned as undeliverable on July 9, 2020. The court's order reassigning this case to the undersigned was also returned as undeliverable on December 14, 2020. On December 4, 2020, the court redirected the clerk to re-serve the August 20, 2019 show cause order and order reassigning this case to the undersigned. (*See* docket entry dated December 4, 2020). As of the date of these findings and recommendations, plaintiff has not returned completed service forms and has not responded to the order to show cause, despite it being resent on December 4, 2020 and not returned as undeliverable.

II.     APPLICABLE LAW

If a defendant is not served within ninety (90) days after a complaint is filed, the court *must*, after notice to the plaintiff, dismiss the action without prejudice. Fed. R. Civ. P. 4(m) (emphasis added). Similarly, Rule 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 also permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of court.

Although involuntary dismissal is a harsh penalty, it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v.*

*Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting court that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* 1983 action when plaintiff did not amend caption to remove "*et al*" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

III.   ANALYSIS

Plaintiff failed to comply with the Court's August 20, 2019 order directing him to return completed service so that service could be effectuated in a timely fashion as mandated by Fed. R. Civ. P. 4. After the court's order to show cause was returned as undeliverable on July 9, 2020, the court directed the clerk to re-serve the court's June 12, 2020 show cause order on plaintiff on December 4, 2020 and reset the deadline for thirty (30) days. (*See* docket entry dated December 4, 2020). Thus, plaintiff had a second opportunity to comply to show cause why the case should not be dismissed under Fed. R. Civ. P. Rule 4(m) but failed to respond. Thus, the undersigned finds the case subject to dismissal under Fed. R. Civ. P. 4(m).

Alternatively, the undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case under Fed. R. Civ. P. 4(b). The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990–91 (9th Cir. 1999). Turning to the second factor, the court's need to efficiently manage its docket cannot be overstated. This court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in

Light of Ongoing Judicial Emergency in the Eastern District of California.  The court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644  (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").  Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  The court has already attempted a less drastic option by issuing a second order to show cause, to which plaintiff failed to respond.  Additionally, the instant dismissal is a dismissal *withou*t prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

Plaintiff failed to comply with the court's August 20, 2019 order to return the completed service.  (Doc. No. 15).  Plaintiff has not served defendant despite having over 18 months to do so and being warned that failure to do would be cause for dismissal.  After considering the factors set forth *supra* and binding case law, the undersigned alternatively recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

Accordingly, it is **RECOMMENDED**:

This case be dismissed without prejudice under Fed. R. Civ. P. 4(m) and/or Fed. R. Civ. P. 41(b) and/or Local Rule 110.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 28, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE